# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| In re: | Case No. 10-01507 |
| --- | --- |
| TAYLOR ANGELOS, | Chapter 7 |
| Debtor. | Related Docket No.: 128 |

## MEMORANDUM OPINION CONCERNING
## MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT

I. INTRODUCTION

This is a contested matter in bankruptcy. Fed. R. Bankr. P. 9014. The Trustee in Bankruptcy has filed a motion for approval of a settlement agreement between the Trustee and a party who has long standing disputes with the Debtor Taylor Angelos. ("Debtor").

Elizabeth Kane, Esq., on behalf of the Trustee, and Simon Klevansky, Esq., of Klevansky Piper, LLP, on behalf of creditor Julie Dean Hunter ("Julie Hunter"), appeared in support of the motion. Ted Pettit, Esq., of Case Lombardi & Pettit, for Debtor, and David C. Farmer, Esq., for creditor Sangreal Gardens, LLC, ("Sangreal"), appeared in opposition to the motion.

II. FACTS

Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California on

U.S. Bankruptcy Court - Hawaii    #10-01507    Dkt # 147    Filed 03/15/11    Page 1 of 7

December 30, 2009. At the time of the filing, Debtor was a member of Chaitania, LLC ("Chaitania"), a Hawaii limited liability company formed in 2004 for the purpose of developing and subdividing real estate for the personal residences of its members. Chaitania's members are Debtor, David Sands, Sangreal, and Hunter. Prior to the bankruptcy case, Chaitania acquired a parcel of real property located in Maui (the "Property") from Barnard Oren Wilcox ("Wilcox"). The Property is subject to a mortgage in favor of Wilcox.

Upon filing for bankruptcy, Debtor claimed as exempt, under the California Code, Cal. Civ. Proc. § 703.140(b)(5) (West 2009), a portion of Debtor's membership interest in Chaitania. The amount of the claimed exemption is $17,825.00. Debtor claimed the value of her interest in Chaitania to be $540,000.00. Dkt. No. 2, Schedule C.

This bankruptcy case features extensive litigation between and among the partners of Chaitania. Debtor filed an adversary proceeding in the Central District of California against, *inter alia*, the members of Chaitania, for claims of declaratory relief as to the Debtor's interests, and a decree of dissolution of Chaitania. Adv. No. 10-90082, Dkt. No. 2. (All docket numbers are current numbers in the United States Bankruptcy Court for the District of Hawaii.) Julie Hunter requested a change of venue of the adversary proceeding to the District of

U.S. Bankruptcy Court - Hawaii #10-01507 Dkt # 147 Filed 03/15/11 Page 2 of 7

Hawaii, which was granted on May 19, 2010. Case No. 10-01507, Dkt. No. 60; Adv. No. 10-90082, Dkt. No. 1. On August 5, 2010, Hunter's husband, Dan Hunter, commenced an adversary proceeding against, among others, Debtor and Wilcox. Adv. Pro. 10-90108, Dkt. No. 1. Dan Hunter contends that Debtor defaulted on obligations to make payments to Wilcox in satisfaction of the note, resulting in the risk of foreclosure on the Property. To avoid foreclosure, Dan Hunter acquired the note and mortgage from Wilcox for $100,000. Dan Hunter took these measures because he and his wife resided on the Property and would have been harmed if a foreclosure were to proceed. However, Dan Hunter alleges that Wilcox breached, and Debtor tortiously interfered with, the agreement between Dan Hunter and Wilcox. Dkt. No. 1, Complaint, at 10. Julie Hunter has filed an adversary proceeding against Debtor, claiming that she is not entitled to a discharge in bankruptcy. Adv. Pro. 11-90015.

Once the case was transferred to the District of Hawaii, Hunter filed a motion to convert the case from chapter 11 to chapter 7, for Debtor's failure to perform the duties required of a chapter 11 debtor in possission. Dkt. Nos. 79, 85. The United States Trustee supported the motion. However, before the noticed hearing on the motion, Debtor voluntarily moved the Court to convert the case to chapter 7. Dkt. No. 99. This motion was granted on September 7, 2010. Dkt. No. 100.

U.S. Bankruptcy Court - Hawaii #10-01507 Dkt # 147 Filed 03/15/11 Page 3 of 7

The chapter 7 Trustee filed the subject motion on January 10, 2011, seeking approval of a settlement agreement between the Trustee and Julie Hunter. Dkt. No. 128.

The proposed settlement agreement includes payment and assignment provisions. Hunter would pay to Trustee the sum of $27,825, $10,000 of which is provided for in the original settlement offer, plus an additional $17,825, which was proposed by Julie Hunter at the hearing on this motion, for the purpose of compensating Debtor for the claimed exemption in a portion of his interest in Chaitania.

In broad terms, the Trustee would assign to Julie Hunter, free and clear of liens, the estate's interests in Chaitania; all books, files and other documents relating to Chaitania; any improvements upon certain real property; the estate's interest, as lessee, in that real property; all claims and defenses arising from or related to litigation involving Debtor, Julie Hunter, Dan Hunter, and Chaitania, and the estate's attorney-client privilege, as it relates to all matters concerning Chaitania. The Trustee shall also release Julie Hunter and Dan Hunter from "any and all claims, defenses, and obligations the estate may have against them."

Trustee maintains that the settlement is in the best interest of the estate after considering Debtor's bankruptcy case and the pending adversary proceedings.

4

## IV. DISCUSSION

The Court has jurisdiction over this matter. 28 U.S.C. § 1334(a), (b); 157(a), (b); 11 U.S.C. § 151. This is a core proceeding in bankruptcy. 28 U.S.C. § 157(b)(2)(A) & (B).

In order for a bankruptcy court to approve a settlement, the court must find that the compromise is fair and equitable. Martin v. Kane (In re A & C Properties), 784 F.2d 1377, 1381 (9th Cir. 1986). The court must consider, among other factors specific to the case, the following: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. Id. (citing In re Flight Transportation Corporation Securities Litigation, 730 F.2d 1128, 1135 (8th Cir.1984)). The Trustee, as the party proposing the settlement, bears the burden of proof in establishing that the settlement should be approved. Id.

Trustee has not carried the burden of persuasion in proving the settlement agreement is fair and equitable. Trustee has provided insufficient analysis to prove the factors provided by In re A & C Properties. Further, the settlement

5

agreement does not appear to offer any benefit creditors and is highly prejudicial to the Debtor. The settlement appears to assign to Julie Hunter every interest she could want or use against Debtor and to give substantial releases to Julie Hunter and Dan Hunter. The Trustee has not explained what value has been placed upon the things to be assigned to Julie Hunter and the releases. In view of the negative impact of the settlement upon Debtor and the absence of any benefit to creditors from the small amount of money to be received by the trustee, the proposed settlement agreement cannot be approved.

It is unclear why, in the absence of benefit to creditors, the Trustee should not simply stay out of the litigation among the partners of Chaitania and abandon the property that is the subject of the proposed settlement agreement. Then, the members of Chaitania can continue their disputes without the involvement of the trustee.

This decision does not address issues regarding Debtor's claimed exemption in Chaitania, mandatory arbitration, or the right of first refusal.

U.S. Bankruptcy Court - Hawaii #10-01507 Dkt # 147 Filed 03/15/11 Page 6 of 7

## V. CONCLUSION

The settlement agreement and is not fair and equitable. An order will be entered denying the Trustee's motion for approval of the settlement agreement.

Dated: March 15, 2011

_____
Lloyd King
United States Bankruptcy Judge